United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ELMER EUGENE WALKER,          No. C 05-3057 SI (pr)

    Plaintiff,          **ORDER OF DISMISSAL**

    v.

DEPARTMENT OF CORRECTIONS; et al.,

    Defendants.
                                      /

## INTRODUCTION

Elmer Eugene Walker, formerly a prisoner at the Correctional Training Facility in Soledad, has filed a pro se civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review pursuant to 28 U.S.C. §1915A.

## BACKGROUND

Walker's complaint concerns events that occurred while he was incarcerated at the Correctional Training Facility in Soledad. He alleges in his complaint that personal property in his cell was damaged and destroyed during a cell search on March 7, 2004. He further alleges their legal materials had been looked through and intermixed during the cell search. Walker also complains of personal property damage/destruction when he was moved on July 21, 2004 and when he was moved on September 9, 2004.

1  Walker further alleges that the prison was on lockdown status for 14 days by order of the
2  warden and director of the department of corrections.  As a result of the lockdown, Walker was
3  denied an opportunity to shower, obtain clean bedding, clean towels, and clean clothing for three
4  weeks.

5  Walker also alleges that he filed inmate appeals about the damage to and theft of his
6  property. His inmate appeals were unsuccessful.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

This action is frivolous. The property claims repeat the claims Walker made in a Walker v. Director Woodford, No. C 04-4786 SI ("the 2004 action"), which was dismissed several months before this action was filed. Walker's filing of a complaint alleging the same property damage/destruction claims that the court earlier dismissed for failure to state a claim upon which relief may be granted is frivolous. See Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988) (duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915 as malicious).

Walker's claims about the lockdown also are frivolous because they repeat the claims

asserted in the 2004 action. In the 2004 action, the court dismissed the original filing with leave to amend the lockdown claims, explaining that Walker had to identify the defendant(s) who allegedly caused the problem. The court dismissed the claim in the 2004 action because he did not cure that deficiency in the complaint he eventually filed and did not show a physical injury as required under 42 U.S.C. § 1997e(e). Walker's current complaint is frivolous in that is repeats the same claims that suffer one of the same defects (i.e., no physical injury) identified by the court when it dismissed the 2004 action. See Bailey, 846 F.2d at 1021.

To the extent Walker is attempting to assert a claim about the inmate appeals process, that claim also would be frivolous because that was raised and rejected in the 2004 action.

Walker recently filed a document entitled "T.R.O." in which he stated that he curently is being denied access to his eyeglasses while in administrative segregation at Mule Creek State Prison. To the extent Walker wishes to complain about the conditions of confinement at Mule Creek State Prison, he should file a civil rights complaint in the Eastern District of California, because that is the district in which that prison is located. Walker cannot amend the current complaint, which concerned conditions of confinement at the Correctional Training Facility in Soledad, to add new claims about unrelated conditions of confinement at a different prison in a different judicial district.

### CONCLUSION

For the foregoing reasons, this action is dismissed as frivolous in that the complaint repeats claims presented in an earlier action that was dismissed several months before this action was filed. The clerk shall close the file.

IT IS SO ORDERED.

Dated: December 19, 2005            _____
                                    SUSAN ILLSTON
                                    United States District Judge