UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELMER EUGENE WALKER, | No. C 05-3057 SI (pr) |
| Plaintiff, | **ORDER** |
| v. | |
| DEPARTMENT OF CORRECTIONS; et al., | |
| Defendants. | |

This action was dismissed and judgment was entered on December 21, 2005. The court recently learned that the Ninth Circuit is waiting for a ruling on a document filed by plaintiff after the judgment was entered.

The court received on December 22, 2005, a document entitled "TRO," that had been mailed by plaintiff on December 18, 2005, and apparently crossed in the mail with the order of dismissal and judgment. The "TRO" received on December 22, 2005, had the same defects as the "TRO" discussed in the order of dismissal, i.e., it complained about conditions of confinement at Mule Creek State Prison and was beyond the scope of the complaint. As the court stated in the order of dismissal, to the extent plaintiff wishes to complain about the conditions of confinement at Mule Creek State Prison, he should file a civil rights complaint in the Eastern District of California, because that is the district in which that prison is located. The TRO request is DENIED. (Docket # 11.)

1   The next document plaintiff filed was filed on December 28, 2005, and was entitled
2  "Objection To The Dismissal And Reinstate Of 42 U.S.C. § 1983 And TRO." (Docket # 12.)
3  In that document, plaintiff repeatedly expressed the thoughts that theft was not frivolous and that
4  judges who thought it was should be killed.  He also stated that he would "take my case to the
5  American people" and "to the news!"  Id. at 1, 2.  He did not request any relief.  Nonetheless,
6  the Ninth Circuit construed the document to be a timely-filed Federal Rule of Appellate
7  Procedure 4(a)(4) motion and held the appeal in abeyance pending its resolution.  See Ninth
8  Circuit Order filed February 1, 2007. (Docket # 15.)   Giving plaintiff's "Objection" an
9  extremely liberal construction consistent with the Ninth Circuit's order, the "Objection" might
10 be a Rule 59 motion to alter or amend the judgment or a Rule 60 motion for relief.  Regardless
11 whether the motion is construed as a Rule 59 or Rule 60(b) motion, it would fail because
12 plaintiff did not explain any reason warranting relief from the judgment.  In dismissing this
13 action, the court did not state that theft was trivial; rather, the dismissal was based on the
14 repetitive nature of plaintiff's property claims.  The court stated that the "filing of a complaint
15 alleging the same property damage/destruction claims that the court earlier dismissed for failure
16 to state a claim upon which relief may be granted is frivolous."  Order Of Dismissal, p. 2.
17 Plaintiff's motion is DENIED. (Docket # 12.)

18   Plaintiff's "motion for notice of appeal" is construed to be a notice of appeal. (Docket #
19 13.)  There being nothing further to be done in the district court, the clerk shall send the file to
20 the United States Court of Appeals for the Ninth Circuit.

21   IT IS SO ORDERED.

22 Dated: March 20, 2007

_____
SUSAN ILLSTON
United States District Judge

2